**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth James Kanger,<br>   Petitioner,<br>v.<br>Charles L. Ryan, et. al.,<br>   Respondents. | No. 07-CV-8094-PHX-PGR (MHB)<br><br>**ORDER** |

  Before the Court is Petitioner's Motion for Relief from a Judgment/Order under Rule 60(b). (Doc. 93.) On November 4, 2008, this Court entered an order accepting and adopting Magistrate Judge Burns' Report and Recommendation ("R&R"). The R&R recommended that the Court deny and dismiss Petitioner's Petition for Writ of Habeas Corpus. (Doc. 72.) This Court denied a certificate of appealability, as did the Ninth Circuit Court of Appeals. The appeal was terminated on November 12, 2009. (Doc. 92.) On February 25, 2011, Petitioner filed the pending motion. Respondents did not file a response.

  Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b).

  Although he recites these criteria, Petitioner does not assert that the reasons enumerated in Rule 60(b)(1)–(5) actually apply to his case. Instead, he argues that his habeas

1 claims were wrongly denied on procedural grounds despite the fact that he had made a
2 substantial showing of constitutional violations. (Doc. 93 at 2.) Thus, although titled a Rule
3 60(b) motion, in substance the motion constitutes a second or successive petition because
4 Petitioner "seeks leave to argue the merits of constitutional claims inadequately presented
5 in or omitted from his previous habeas petition." *Gonzalez v. Crosby*, 545 U.S. 524, 531
6 (2005). Pursuant to 28 U.S.C. § 2244(b), therefore, the motion must be dismissed.

7 Moreover, the motion is untimely, having been filed more than two years after
8 judgment was entered. *See* Fed. R. Civ. P. 60(c)(1) (Rule 60(b) motion must be made in a
9 "reasonable time").

10 Accordingly,

11 **IT IS HEREBY ORDERED** denying Petitioner's Motion for Relief from a
12 Judgment/Order under Rule 60(b) (Doc. 93).

13 DATED this 19th day of September, 2011.

Paul G. Rosenblatt
United States District Judge

- 2 -